**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No. **ED CV 19-1736-JFW(SHKx)** | Date: November 6, 2019 |

Title: Maria Leal, et al. -v- County of San Bernardino, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS): ORDER DENYING PLAINTIFFS' CORRECTED MOTION TO REMAND CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT [filed 10/11/2019; Docket No. 16]

On October 11, 2019, Plaintiffs Maria Leal and Nicholas Quintero (collectively, "Plaintiffs"), filed a Motion to Remand Case to San Bernardino County Superior Court ("Motion to Remand"). On October 28, 2019, Defendants County of San Bernardino; San Bernardino Sheriff's Department; Jeff Rose; A. Cueto; J. Warren; Keith Lewis; E. Burke, R.N.; Wayne Sullivan; Jeffrey Haga; and Stacimae Cota (collectively, "Defendants") filed their Opposition. On November 4, 2019, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 18, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 9, 2017, Plaintiffs filed a Second Amended Complaint in San Bernardino County Superior Court ("State Action") against Defendants County of San Bernardino, San Bernardino Sheriff's Department, Jeff Rose, and Does 1 through 25, alleging violations of their constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. On November 15, 2018, Plaintiffs filed Doe Amendments naming Defendants A. Cueto; K. Johnson; J. Warren; Keith Lewis; SCS Fischer; E. Burke, R.N.; and P. Stafford, R.N. as Does 11 through 17. On November 19, 2018, Plaintiffs filed Doe Amendments naming A. Cueto, J. Warren, K. Johnson, K. Lewis, E. Burke, R.N., SCS Fischer, and P. Stafford, R.N. as Does 1 through 7. On February 22, 2019, Plaintiffs filed another Doe Amendment, naming W. Sullivan as Doe Number 8. On June 7, 2019, Plaintiffs again filed Doe Amendments, naming Defendants Staciemae Cota and Jeffrey Haga as

Does 8 and 9.

On September 11, 2019, less than thirty days after they had been served with the Second Amended Complaint, Defendants Staciemae Cota and Jeffrey Haga filed a Notice of Removal of Action Under 28 U.S.C. § 1441(a) ("Notice of Removal"). Defendants County of San Bernardino, San Bernardino County Sheriff's Department, J. Rose, A. Cueto, J. Warren, K. Johnson, K. Lewis, W. Sullivan, and E. Burke consented and joined in the Notice of Removal. P. Stafford and SCS Fischer did not consent or join in the Notice of Removal, In the Notice of Removal, Defendants claimed that their consent was unnecessary because they had not been properly served with the Second Amended Complaint.

Plaintiffs move to remand on the grounds that Defendants violated the "rule of unanimity," which provides that "all defendants who have been properly joined and served in the action must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Specifically, Plaintiffs claim that they properly served Defendant SCS Fischer by substitute service on August 24, 2019, which became effective on September 3, 2019, and thus her failure to consent or join in the Notice of Removal requires the remand of this action.

However, on October 17, 2019, after Plaintiffs filed their Motion to Remand, Defendant Barbara Fischer (or SCS Fischer) filed a Notice of Joinder and Consent to Removal of Action Under 28 U.S.C. § 1441(a) ("Notice of Joinder"), stating in relevant part: "Barbara Fischer . . . joins in and consents to the previously filed Notice of Removal and further requests removal on her own behalf solely for the purposes of this Court to determine whether she was properly served and whether the Court has personal jurisdiction over her." Notice of Joinder at ¶ 6. SCS Fischer maintains that she has not been properly served with the Second Amended Complaint. On October 21, 2019, Plaintiffs filed Objections to SCS Fischer's Notice of Joinder.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III.    DISCUSSION

"All defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1981)). *See also* 28 U.S.C. § 1446(b)(2)(A). "Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand." *Tutor-Saliba Corp. v. Everest National Ins. Co.*, 2015 WL 13427744,

at *1 (C.D. Cal. Apr. 13, 2015) (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)). The district court, however, "may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino*, 630 F.3d at 956. In this case, especially in light of the dispute over whether Defendant SCS Fischer was properly served with the Second Amended Complaint, the Court exercises its discretion and concludes that the Notice of Joinder filed by Defendant SCS Fischer has cured any potential procedural defect in the removal of this action. The Court rejects Plaintiffs' argument that the Notice of Joinder filed by Defendant SCS Fischer is insufficient.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs' request for sanctions is **DENIED**.

IT IS SO ORDERED.